RAÚL LABRADOR
ATTORNEY GENERAL

Craig D. Stacey (ISBN 7996)
Special Deputy Attorney General
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
craig@melawfirm.net

*Attorneys for Defendants Centurion of Idaho, Inc., Murray Young, Rebekah Haggard, Tonya McMillian, Patrick Jones, Jacque Dolan, Summer Eldredge, William Rogers, Selah Worley, Robin Larive, Nathan Thueson, Rona Siegert, Tyrell Davis, Jamie Ayuso, Matthew Miller, and Sheikh Deen*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JACOB SPENCER FREY, | ) | Case No. 1:23-cv-00141-DKG |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' ANSWER TO** |
| | ) | **PLAINTIFF'S CIVIL RIGHTS** |
| vs. | ) | **COMPLAINT AND DEMAND FOR JURY** |
| | ) | **TRIAL** |
| CENTURION, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |

COME NOW Defendants Centurion of Idaho, Inc., Murray Young, Rebekah Haggard, Tonya McMillian, Patrick Jones, Jacque Dolan, Summer Eldredge, William Rogers, Selah Worley, Robin Larive, Nathan Thueson, Rona Siegert, Tyrell Davis, Jamie Ayuso, Matthew Miller, and Sheikh Deen, by and through their counsel, Craig Stacey, Special Deputy Attorney General, State of Idaho, and of the law firm of Moore Elia & Kraft, LLP, and in answer to Plaintiff's Civil Rights Complaint ("Plaintiff's Complaint") filed April 5, 2023, and in consideration of the Court's Initial Review Order of August 29, 2023, hereby admit, deny and

allege as follows:

## **FIRST DEFENSE**

1.      Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

## **SECOND DEFENSE**

2.      These answering Defendants deny each and every allegation of Plaintiff's Complaint not herein expressly and specifically admitted.

3.      The paragraphs in the "Introduction" section of the Plaintiff's Complaint contain a summary of the Plaintiff's allegations, which are incorporated into his Claims for Relief. Defendants admit that Jacob Frey is a type-1 diabetic and that there are treatments available in the community which may be used to help manage Mr. Frey's diabetes that are not allowed to inmates in custody of the Idaho Department of Correction. The remainder of the allegations are inaccurate and Defendants deny the same.

4.      The statements contained in paragraphs 1 and 2 of Plaintiff's Complaint are legal questions for the Court and no response is necessary from these Defendants.

5.      With regard to paragraph 3 of Plaintiff's Complaint, these Defendants admit that Jacob Spencer Frey has been in the legal care, custody, and control of the Idaho Department of Correction since 2020. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the paragraph.

6.      These Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

7.      With regard to paragraph 5 of Plaintiff's Complaint, these Defendants clarify that Centurion of Idaho, LLC. is the proper name for this Defendant and is a private, for-profit

company headquartered in Virginia that contracts with the Idaho Department of Correction to provide medical care for all IDOC residents and that providing medical care to inmates is a traditional state function. These Defendants deny the remainder of the allegations set forth in the paragraph.

8.      With regard to paragraph 6 of Plaintiff's Complaint, these Defendants admit that Defendant Centurion of Idaho, LLC., is a private, for-profit company, with a principal residence in St. Louis, Missouri, and is a subsidiary of Centurion Health that contracts with the Idaho Department of Correction to provide medical care for all IDOC residents and that providing medical care to inmates is a traditional state function. Defendants deny the remainder of the allegations set forth in the paragraph.

9.      With regard to paragraph 7 of Plaintiff's Complaint, these Defendants admit that Dr. Murray Young is a Centurion employee and the former Regional Medical Director for Centurion in Idaho. These Defendants deny that Dr. Young is responsible for Mr. Frey's medical care. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the paragraph.

10.      With regard to paragraph 8 of Plaintiff's Complaint, these Defendants admit that Dr. Rebekah Haggard is a Centurion employee and the Medical Director at the Idaho State Correctional Institution. These Defendants deny that Dr. Haggard is directly responsible for Mr. Frey's medical care.

11.      With regard to paragraph 9 of Plaintiff's Complaint, these Defendants admit that Tonya McMillian is a Centurion employee and is the Regional Health Services Administrator. These Defendants deny the remainder of the allegations set forth in the paragraph.

12.      These Defendants admit the allegations contained in paragraphs 10, 11, 12, 13,

14, 15, and 16 of Plaintiff's Complaint.

13.     These Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

14.     With regard to paragraph 18 of Plaintiff's Complaint, these Defendants admit that Rona Siegert is the Health Services Director for IDOC and is an appellate authority for grievance that involves complaints about medical providers and care. These Defendants deny the remainder of the allegations set forth in the paragraph.

15.     These Defendants admit the allegations contained in paragraphs 19 and 20 of Plaintiff's Complaint.

16.     With regard to paragraph 21 of Plaintiff's Complaint, these Defendants admit that Lieutenant Jamie Ayuso is employed by IDOC and is a shift commander. These Defendants deny the remainder of the allegations set forth in the paragraph.

17.     These Defendants admit the allegations contained in paragraph 22 of Plaintiff's Complaint.

18.     With regard to paragraphs 23 and 24 of Plaintiff's Complaint, these allegations are not directed towards these Defendants and therefore no response is necessary.

## FACTS COMMON TO ALL CLAIMS

19.     These Defendants admit the allegations contained in paragraphs 25 and 26 of Plaintiff's Complaint.

20.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint and therefore deny the same.

21.     These Defendants admit the allegations contained in paragraph 28 of Plaintiff's

Complaint.

22.     These Defendants admit that the factual statement in paragraph 29 of Plaintiff's Complaint is set forth as stated at the listed web address.

23.     These Defendants admit the allegations contained in paragraph 30 of Plaintiff's Complaint.

24.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint and therefore deny the same.

25.     These Defendants admit the allegations contained in paragraph 32 of Plaintiff's Complaint.

26.     With regard to paragraph 33 of Plaintiff's Complaint, these Defendants admit that an insulin pump is a common medical device that can be used to help control type-1 diabetes. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph and therefore deny the same.

27.     These Defendants admit the allegations contained in paragraph 34 of Plaintiff's Complaint.

28.     With regard to paragraph 35 of Plaintiff's Complaint, these Defendants admit that Summer Eldredge is a chronic care nurse that was one of the primary Centurion medical providers responsible for Mr. Frey's diabetes when he was housed at Idaho State Correctional Institution.

29.     These Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

30.     With regard to paragraph 37 of Plaintiff's Complaint, these Defendants admit that

Nurse Elridge followed policy at ISCI. These Defendants deny Nurse Eldridge did not exercise independent medical judgment.

31.     These Defendants deny the allegations contained in paragraphs 38, 39, 40, 41, and 42 of Plaintiff's Complaint.

32.     With regard to paragraph 43 of Plaintiff's Complaint, these Defendants admit that insulin pumps are not used in the correctional setting due to security concerns and monitoring concerns. These Defendants deny the remainder of the allegations in the paragraph.

33.     These Defendants deny the allegations contained in paragraphs 44 and 45 of Plaintiff's Complaint.

34.     These Defendants admit the allegations contained in paragraph 46 of Plaintiff's Complaint.

35.     These Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

36.     These Defendants admit the allegations contained in paragraphs 48, 49, and 50 of Plaintiff's Complaint.

37.     With regard to paragraph 51 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. There are different types of insulin and the timing of a meal depends on the insulin taken.

38.     These Defendants admit the allegations contained in paragraph 52 of Plaintiff's Complaint.

39.     These Defendants admit the allegations contained in paragraphs 53 and 54 of Plaintiff's Complaint.

40.     These Defendants deny the allegations contained in paragraph 55 of Plaintiff's

Complaint. Jacob Frey was permitted the use of a glucometer until he violated policy and allowed another inmate to use the glucometer due to the safety and medical concerns involved with the violation.

41.      These Defendants admit the allegations contained in paragraphs 56 and 57 of Plaintiff's Complaint.

42.      With regard to paragraph 58 of Plaintiff's Complaint, these Defendants admit that a glucometer is a security issue. However, Jacob Frey has been allowed to participate in a trial run with a continuous glucose monitor that does not create a security risk, with fourteen (14) other inmates. These Defendants deny the remainder of the paragraph.

43.      With regard to paragraph 59 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

44.      These Defendants deny the allegations contained in paragraphs 60, 61, and 62 of Plaintiff's Complaint.

45.      These Defendants admit the allegations contained in paragraph 63 of Plaintiff's Complaint.

46.      These Defendants admit the allegations contained in paragraph 64 of Plaintiff's Complaint. However, Jacob Frey has been tested 3-4 times a day.

47.      With regard to paragraphs 65, 66, and 67 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

48.      With regard to paragraph 68 of Plaintiff's Complaint, these Defendants admit there have been disruptions in the schedule due to short staffing and other complicating factors in regard to delivering medications and meals. These Defendants deny the remainder of the

paragraph.

49.    These Defendants deny the allegations contained in paragraphs 69 and 70 of Plaintiff's Complaint.

50.    With regard to paragraph 71 of Plaintiff's Complaint, these Defendants admit Patrick Jones was the Centurion Heath Services Administrator at ISCI until sometime in 2022. In that position, he helped establish and monitor Centurion policies and procedures for the provision of medical care. These Defendants deny the remainder of the paragraph.

51.    These Defendants deny the allegations contained in paragraphs 72 and 73 of Plaintiff's Complaint.

52.    These Defendants admit the allegations contained in paragraph 74 of Plaintiff's Complaint.

53.    With regard to paragraph 75 of Plaintiff's Complaint, these Defendants admit there are routine treatments that are within the standard of care in the community for diabetes. However, some treatments cannot be utilized in the correctional setting. These Defendants deny the remainder of the paragraph.

54.    With regard to paragraph 76 of Plaintiff's Complaint, these Defendants admit Rona Siegert is the Health Services Director for the Idaho Department of Correction and that there are routine treatments that are within the standard of care in the community for diabetes. However, some treatments cannot be utilized in the correctional setting. These Defendants deny the remainder of the paragraph.

55.    With regard to paragraph 77 of Plaintiff's Complaint, these Defendants admit that security staff is responsible for distributing diabetic resident meals. These Defendants deny the remainder of the paragraph.

56.     These Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

57.     With regard to paragraph 79 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

58.     These Defendants deny the allegations contained in paragraphs 80, 81, 82, and 83 of Plaintiff's Complaint.

59.     These Defendants admit the allegations contained in paragraph 84 of Plaintiff's Complaint.

60.     With regard to paragraph 85 of Plaintiff's Complaint, these Defendants admit that on September 9, Jacob Frey was called from his unit to the Medical Unit for "pill call" so he could receive his insulin. These Defendants lack knowledge or information sufficient to form a belief as to the truth as to the exact time of the call.

61.     These Defendants admit the allegations contained in paragraphs 86.

62.     With regard to paragraph 87 of Plaintiff's Complaint, these Defendants admit that Plaintiff was confined to a wheelchair due to a broken ankle. These Defendants deny the remainder of the paragraph.

63.     With regard to paragraph 88 of Plaintiff's Complaint, these Defendants admit that when Mr. Frey arrived at the lobby of the Medical Unit, there were inmates waiting in line to receive their medication. These Defendants deny the remainder of the paragraph.

64.     These Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

65.     With regard to paragraphs 90 and 91 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

66.     With regard to paragraph 92 of Plaintiff's Complaint, these Defendants admit that Jacob Frey made a decision to leave the medical unit without receiving his insulin. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

67.     With regard to paragraph 93 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

68.     These Defendants admit the allegations contained in paragraphs 94, 95, 96 of Plaintiff's Complaint.

69.     With regard to paragraph 97 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

70.     These Defendants deny the allegations contained in paragraphs 98 and 99 of Plaintiff's Complaint.

71.     With regard to paragraph 100 of Plaintiff's Complaint, these Defendants admit that Mr. Frey asked the correctional officers on his unit, Officer Matthew Miller and Officer Sheikh Deen, to call Medical. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

72.     These Defendants deny the allegations contained in paragraph 101 of Plaintiff's Complaint.

73.     With regard to paragraph 102 of Plaintiff's Complaint, these Defendants admit that Officer Miller told Mr. Frey that he had spoken with "Nurse Hillary" in Medical and that he was informed Frey refused to wait to be given his insulin. These Defendants deny the remainder of the allegations. The Nurse informed Officer Miller that the medical unit was busy at that time and a nurse was not available to leave the medical unit to bring insulin to Frey's cell.

74.    With regard to paragraph 103 of Plaintiff's Complaint, these Defendants admit that Officer Miller also spoke by phone to Nathan Thueson. These Defendants deny the remainder of the allegations.

75.    With regard to paragraph 104 of Plaintiff's Complaint, these Defendants admit that Officer Miller spoke to Lt. Ayuso. These Defendants deny the remainder of the allegations.

76.    With regard to paragraph 105 of Plaintiff's Complaint, these Defendants admit that Officer Miller relayed information to Plainitff. These Defendants deny the remainder of the allegations.

77.    With regard to paragraph 106 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

78.    These Defendants admit the allegations contained in paragraph 107 of Plaintiff's Complaint.

79.    With regard to paragraph 108 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

80.    These Defendants admit the allegations contained in paragraph 109 of Plaintiff's Complaint.

81.    With regard to paragraph 110 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

82.    With regard to paragraph 111 of Plaintiff's Complaint, these Defendants admit that Plaintiff went the Medical Unit the next morning for pill call and his glucose was checked. These Defendants deny that Plaintiff's glucose was in the range of 500 to 600mg/dl.

83.    With regard to paragraphs 112 and 113 of Plaintiff's Complaint, these allegations are not directed towards these Defendants and therefore no response is necessary.

84.     These Defendants deny the allegations contained in paragraphs 114 and 115 of Plaintiff's Complaint.

85.     With regard to paragraph 116 of Plaintiff's Complaint, these Defendants admit Frey had a broken ankle. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

86.     With regard to paragraphs 117, 118, 119, 120, 121, and 122 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

87.     These Defendants deny the allegations contained in paragraph 123 of Plaintiff's Complaint.

88.     With regard to paragraphs 124 and 125 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

89.     These Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint.

90.     With regard to paragraphs 127 and 128 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

91.     These Defendants deny the allegations contained in paragraph 129 of Plaintiff's Complaint. Scheduling an MRI for an inmate offsite is not a relatively quick process.

92.     With regard to paragraph 130 of Plaintiff's Complaint, these Defendants deny the allegations that any Defendant "delayed" Frey's treatment for his ankle. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

93.    With regard to paragraph 131 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

94.    These Defendants admit the allegations contained in paragraph 132 of Plaintiff's Complaint.

95.    With regard to paragraph 133 of Plaintiff's Complaint, these Defendants admit Frey was transferred from ISCI to ISCC. These Defendants deny the remainder of the allegations.

96.    With regard to paragraph 134 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

97.    With regard to paragraph 135 of Plaintiff's Complaint, these Defendants admit Frey saw Defendant LaRive at ISCC. These Defendants deny the remainder of the allegations.

98.    With regard to paragraphs 136 and 137 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

99.    These Defendants admit the allegations contained in paragraph 138 of Plaintiff's Complaint.

100.    These Defendants deny the allegations contained in paragraph 139 of Plaintiff's Complaint.

101.    With regard to paragraph 140 of Plaintiff's Complaint, these Defendants admit Plaintiff was instructed to start physical therapy and get out of the wheelchair. These Defendants deny the remainder of the allegations.

102.    These Defendants deny the allegations contained in paragraph 141 of Plaintiff's Complaint.

103.    With regard to paragraph 142 of Plaintiff's Complaint, these Defendants admit

Frey has a serious medical condition, sleep apnea. These Defendants deny the remainder of the allegations.

104.    These Defendants admit the allegations contained in paragraph 143 of Plaintiff's Complaint.

105.    These Defendants deny the allegations contained in paragraph 144 of Plaintiff's Complaint.

106.    With regard to paragraphs 145, 146, 147 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

107.    These Defendants deny the allegations contained in paragraph 148 of Plaintiff's Complaint.

108.    The statements in paragraph 149 of Plaintiff's Complaint are not directed towards these Defendants and therefore no response is necessary.

109.    These Defendants deny the allegations contained in paragraph 150 of Plaintiff's Complaint.

110.    With regard to the allegations contained in paragraph 151 of Plaintiff's Complaint, these Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

111.    These Defendants admit the allegations contained in paragraph 152 of Plaintiff's Complaint.

112.    These Defendants deny the allegations contained in paragraphs 153 and 154 of Plaintiff's Complaint.

113.    With regard to the allegations contained in paragraph 155 of Plaintiff's

Complaint, these Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

114.    These Defendants admit the allegations contained in paragraphs 156 and 157 of Plaintiff's Complaint.

115.    These Defendants deny the allegations contained in paragraphs 158 and 159 of Plaintiff's Complaint.

116.    With regard to the allegations contained in paragraph 160 of Plaintiff's Complaint, these Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

117.    These Defendants admit the allegations contained in paragraph 161 of Plaintiff's Complaint.

118.    These Defendants deny the allegations contained in paragraphs 162, 163, and 164 of Plaintiff's Complaint.

119.    With regard to the allegations contained in paragraph 165 of Plaintiff's Complaint, these Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

120.    These Defendants admit the allegations contained in paragraph 166 of Plaintiff's Complaint.

121.    With regard to paragraph 167 of Plaintiff's Complaint, these Defendants admit that a broken ankle can be a serious medical condition.

122.    These Defendants deny the allegations contained in paragraphs 168 and 169 of Plaintiff's Complaint.

123.    With regard to the allegations contained in paragraph 170 of Plaintiff's

Complaint, these Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

124.    These Defendants admit the allegations contained in paragraphs 171 and 172 of Plaintiff's Complaint.

125.    These Defendants deny the allegations contained in paragraphs 173 and 174 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

126.    As to the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, and 8 of Plaintiff's Prayer for Relief section of his Complaint, Defendants deny that Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

That at the time of filing this Answer, these Defendants have not been able to engage in discovery and lack information sufficient to form a belief as to all of those affirmative defenses that might apply in this instance. At this time, pursuant to Rule 12 of the Federal Rules of Civil Procedure, these Defendants assert the following affirmative defenses so that the same are not waived. If actual information is not developed sufficient to assert any specific defense, the affirmative defense in question will be withdrawn.

The foregoing defenses are applicable, or appropriate, to any and all of Plaintiff's claims for relief. In asserting these defenses, these Defendants do not admit that they have the burden of proving the allegations or denials contained in the defenses, but, to the contrary, assert that by reason of the denials and/or by reason of relevant statutory or judicial authority, the burden of proving the facts relevant to many of the defenses and/or burden of proving the inverse to the allegations contained in many defenses is upon the Plaintiff. These Defendants do not admit, in

asserting any defense, any responsibility or liability, but, to the contrary, specifically denies any and all allegations of responsibility and liability set forth in Plaintiff's Complaint.

These Defendants have considered and believe that they may have additional defenses to Plaintiff's Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses. Accordingly, these Defendants reserve the right to supplement their Answer and add additional affirmative defenses as discovery in this case progresses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in whole or in part for failure to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims sound in equity, Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived the right, and/or is estopped to assert the various claims and causes of action alleged against these answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against these answering Defendants herein fail to make out a case for actual participation in unlawful and/or unconstitutional conduct.

## FIFTH AFFIRMATIVE DEFENSE

The alleged actions of these Defendants, if any, do not rise to the level of a deprivation of a constitutionally protected right.

## SIXTH AFFIRMATIVE DEFENSE

The acts or omissions complained of by Plaintiff did not arise as a result of, nor was there

any agreement, understanding, policy, or procedure which deprived Plaintiff of any civil rights.

### SEVENTH AFFIRMATIVE DEFENSE

These answering Defendants allege they are not liable for an injury caused by the act or omission of another person under a theory of respondeat superior.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified or absolute immunity.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are invalid for failure to allege or prove damages which are the result of an unconstitutional policy, action, or custom.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all administrative remedies required under Federal and Idaho law.

### ELEVENTH AFFIRMATIVE DEFENSE

Any and all conduct of these Defendants with respect to matters alleged was justifiable, reasonable, authorized by law, and performed in good faith with a belief that such acts were proper, legal, adequate, and appropriate.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for relief under the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution because he has not alleged facts that demonstrate that these Defendants acted with deliberate indifference to a serious medical need of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims for damages and/or equitable relief are barred by the

**DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL – 18**

applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of Plaintiff or other persons or entities for which these Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's damages are the result of pre-existing medical conditions or the progression thereof that were neither aggravated nor exacerbated by any acts or omissions of these Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no physical injury as a result of Defendants' actions and may not recover for any emotional injuries pursuant 42. U.S.C. § 12997e(e) and other applicable federal and state law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action for declaratory and injunctive relief are not ripe.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint regarding these Defendants' alleged acts or omissions do not show or allege the sufficient likelihood of future injury or irreparable harm for declaratory and/or injunctive relief.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief is based upon mere speculation and there is insufficient evidence that any future event complained of will or will not occur.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence

**DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL – 19**

of immediate or irreparable injury.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence of a reasonable likelihood of success.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate federal procedure, statutes, and the Constitution of the United States.

**WHEREFORE**, these answering Defendants pray that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff takes nothing by this action, that Judgment be entered in favor of these Defendants and against Plaintiff, and that these Defendants are awarded costs of suit and attorney fees, and such other and further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

These answering Defendants demand a trial by jury on Plaintiff's Complaint, on all issues, claims, and defenses so triable, pursuant to the Constitution and laws of the United States and the State of Idaho.

DATED this 6th day of December 2023.

MOORE ELIA & KRAFT, LLP

/s/ Craig D. Stacey
Craig D. Stacey
Attorneys for Defendants Centurion of Idaho, Inc., Murray Young, Rebekah Haggard, Tonya McMillian, Patrick Jones, Jacque Dolan, Summer Eldredge, William Rogers, Selah Worley, Robin Larive, Nathan Thueson, Rona Siegert, Tyrell Davis, Jamie Ayuso, Matthew Miller, and Sheikh Deen

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2023, I electronically served the foregoing document with the Clerk of the Court using the CM/ECF system which will send electronic notification of this filing to the following:

Craig H. Durham                              ☐ U.S. Mail, postage prepaid
FERGUSON DURHAM, PLLC                         ☐ Hand Delivered
223 N. 6th Street, Suite 325                  ☐ Overnight Mail
Boise, Idaho 83702                            ☐ Facsimile Transmission
Telephone: (208) 724-2617                     ☒ CM/ECF
Facsimile: (208) 906-8663
chd@fergusondurham.com

*Attorneys for Plaintiff*

*/s/ Katie Ridgeway*
Katie Ridgeway

**DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL – 21**