UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Jacob Spencer Frey,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Centurion Health, Inc., et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-000141-AKB<br><br>**STIPULATED DISCOVERY PLAN** |

# I. Preservation

a. **Preservation & Proportionality:** The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

　i. **Date Range:** Only ESI created or received between 5/1/2021 and the present will be preserved;

　ii. **Scope of Preservation:** The parties agree to:

　　1. Preserve the Following Types of ESI

　　　a. All ESI related to the plaintiff and any defendant, whether created or received by any of the parties to this action.

2. From the Following Custodians or Job Titles:

    a. Plaintiff and Defendants, and the custodian of records for Centurion and the Idaho Department of Correction.

3. From the Following Systems, Servers, or Databases

    a. Idaho Department of Correction servers, systems, or databases, and the Plaintiff's servers, systems, and database

iii. **Preserved But Not Searched:** These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

1. *[E.g. backup media of [named] system, systems no longer in use that cannot be accessed, etc.]*_____.

2. At this time the parties have not identified any item responsive to these criteria.

iv. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

1. Voicemails, PDAs, mobile phones, instant messaging, automatically saved versions of documents, backup media created before May 1, 2021.

  v. **ESI Retention Protocols:** Going forward, the parties agree *[to modify/not to modify]* the document and ESI retention/destruction protocols of *[party]*.

    1. No modifications at this time.

  vi. **Cost Sharing:**

    ☐*[The parties agree to share the cost of an electronic discovery vendor; shared document repository; or other cost saving measures]*

    ☒*[The parties agree to bear their own costs for preservation of e-discovery]*

## II. Initial Disclosures

a. *[if already provided]* Pursuant to Rule 26(a), initial disclosures were provided on the following dates:

- Plaintiffs: January 5, 2023
- Defendants: January 5, 2023

b. *[if not yet provided]* The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs: _____.
- Defendants: _____.

c. *[change to form]* The parties agree to modify the form of the Rule 26(a) initial disclosures as follows: _____.

d. *[exempt]* The parties agree that this proceeding is exempt under Rule 26(a)(1)(B) from the requirement to provide initial disclosures.

## III. Scope of Discovery

    a. **Scope:** Discovery is necessary on the following subjects/issues:

- For Plaintiff:

Plaintiff intends to conduct discovery on all facts that are relevant to any party's claim or defense and proportional to the needs of the case. These subjects include but are not limited to discovery related to the incidents that are the subject of the lawsuit; Defendants' policies, practices, and customs regarding the delivery of medical care to the inmate population at ISCI and ISCC; and Defendants' hiring and training practices.

- For Defense:

Defendants intend to conduct discovery on all facts that are relevant to any party's claim or defense and proportional to the needs of the case.

## IV. Discovery Boundaries

    a. **Limits:** The parties agree to limit the number of discovery tools as follows:

At this time the parties do not believe that it is necessary to impose limits on discovery. They anticipate exchanging written discovery and conduction

depositions of the plaintiff and defendants, and perhaps third-party witnesses. They anticipate exchanging expert discovery. Unless otherwise stipulated to, they will conduct discovery within the scope of the Federal Rules of Civil Procedure.

## V. ESI

a. ***Checklist:*** *The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).*

b. ***Proportionality****: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:*

- *from more than 15 key custodians;*
- *that was created more than 5 years before the filing of the lawsuit;*
- *from sources that are not reasonably accessible without undue burden or cost; or*
- *for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be*

*able to demonstrate that the search was effectively designed and efficiently conducted.*

c. **ESI File Format:** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

☒PDF;

☒TIFF;

☒Native; and/or

☒Paper.

d. **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

☒with logical document breaks;

☒as searchable;

☐with load fields enabling review in common litigation databases such as Summation and Concordance;

☒with metadata, and, if so, in the following fields: _____.

e. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

☐Predictive coding (or technology assisted review);

☒ Keyword search;

☐Other: _____.

f. **Search Methodology – Transparency:**  The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: At this time, the parties have not identified any item responsive to these criteria.

g. **General ESI Production vs. E-mail Production:**  The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail").  To obtain e-mail parties must propound specific e-mail production requests.

h. **E-mail Custodian List Exchange:**  On or before December 28, 2023, the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific identification of the *[15]* most significant listed e-mail custodians in view of the pleaded claims and defenses.

i. **Discovery Re E-mail Custodians, Search Terms & Time Frames:**  Each requesting party may propound up to *[5]* written discovery requests and take *[one]* deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

j. **Form of E-mail Production Requests:**  E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall

cooperate to identify the proper custodians, proper search terms, and proper time frame.

k. **<u>Limits on E-mail Production Requests – Custodians:</u>** Each requesting party shall limit its e-mail production requests to a total of *[8]* custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

l. **<u>Limits on E-mail Production Requests – Keyword Search Terms:</u>** Each requesting party shall limit its e-mail production requests to a total of *[10]* keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

m. **<u>Liaison:</u>** Each part will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## VI. Deadlines

a. The deadline for the completion of fact discovery is: August 16, 2024

b. The deadline for completion of expert witness discovery is: August 16, 2024.

## VII. Phased or Issue-Specific Discovery

*[Phased Discovery]*  The parties agree that no phased discovery is necessary.

a. phases, focusing in the first phase on key information that is easily accessible.  The parties will then use that the results of that initial phase of discovery to guide further discovery.

- **First Phase of Discovery**: During the first phase, the parties will conduct discovery on the following subject[s]: _____.

- **Scope of First Phase**: During the first phase of discovery, the parties shall take the following discovery:

  - Depositions: _____
  - Interrogatories: _____
  - Requests for Production: _____

- **Deadline for Completion of First Phase**: The parties shall complete the first phase of discovery on or before _____.

- **Further Discovery**: Following completion of the first phase of discovery, the parties will meet together to determine what discovery, if any, is needed in the next phase.

b. *[Issue-Specific Discovery]* The parties agree that discovery should be focused first on *[jurisdiction] [venue] [qualified immunity] [affirmative defenses that may be dispositive] [information necessary to engage in meaningful settlement discussions] [etc.]*.

- **Deadline for Completion of Issue-Specific Discovery**: The discovery on the issue of *[jurisdiction] [venue] ][qualified immunity][affirmative defenses that may be dispositive][information necessary to engage in meaningful settlement discussions] [etc.]* will be completed on or before _____, at which time the parties will meet to determine what needs to be done next.

## VIII. Documents Protected From Discovery

a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its scheduling order

unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Quick Peek:** The parties

☒*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

☐*[agree to a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) as set forth herein: _____].*

c. **Post-Complaint Communications:** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## IX. Protective Order

a. The parties have not presently agreed to a protective order, but if they do they will submit that to the Court for its approval.

b. *To aid the parties, the District of Idaho has developed a model protective order that can be found on the Court's website:*
*https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm*

c. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

United States District Court
Northern District of California

CHECKLIST FOR RULE 26(f) MEET AND CONFER
REGARDING ELECTRONICALLY STORED INFORMATION

---

In cases where the discovery of electronically stored information ("ESI") is likely to be a significant cost or burden, the Court encourages the parties to engage in on-going meet and confer discussions and use the following Checklist to guide those discussions. These discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

I. **Preservation**
  - ☐ The ranges of creation or receipt dates for any ESI to be preserved.
  - ☐ The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).
  - ☐ The description of data from sources that (a) the party believes could contain relevant information but (b) has determined, under the proportionality factors, is not discoverable and should not be preserved.
  - ☐ Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of e-mails, voicemails, and other electronically-recorded material.
  - ☐ The names and/or general job titles or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).
  - ☐ The number of custodians for whom ESI will be preserved.
  - ☐ The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.
  - ☐ Any disputes related to scope or manner of preservation.

II. **Liaison**
  - ☐ The identity of each party's e-discovery liaison.

III. **Informal Discovery About Location and Types of Systems**
  - ☐ Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
  - ☐ Description of systems in which potentially discoverable information is stored.
  - ☐ Location of systems in which potentially discoverable information is stored.
  - ☐ How potentially discoverable information is stored.
  - ☐ How discoverable information can be collected from systems and media in which it is stored.

IV. **Proportionality and Costs**
  - ☐ The amount and nature of the claims being made by either party.
  - ☐ The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
  - ☐ The likely benefit of the proposed discovery.
  - ☐ Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.

*Revised December 1, 2015*

- ☐ Limits on the scope of preservation or other cost-saving measures.
- ☐ Whether there is relevant ESI that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.

V. **Search**
- ☐ The search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery.
- ☐ The quality control method(s) the producing party will use to evaluate whether a production is missing relevant ESI or contains substantial amounts of irrelevant ESI.

VI. **Phasing**
- ☐ Whether it is appropriate to conduct discovery of ESI in phases.
- ☐ Sources of ESI most likely to contain discoverable information and that will be included in the first phases of Fed. R. Civ. P. 34 document discovery.
- ☐ Sources of ESI less likely to contain discoverable information from which discovery will be postponed or avoided.
- ☐ Custodians (by name or role) most likely to have discoverable information and whose ESI
- ☐ will be included in the first phases of document discovery.
- ☐ Custodians (by name or role) less likely to have discoverable information and from whom discovery of ESI will be postponed or avoided.
- ☐ The time period during which discoverable information was most likely to have been created or received.

VII. **Production**
- ☐ The formats in which structured ESI (database, collaboration sites, etc.) will be produced.
- ☐ The formats in which unstructured ESI (email, presentations, word processing, etc.) will be produced.
- ☐ The extent, if any, to which metadata will be produced and the fields of metadata to be produced.
- ☐ The production format(s) that ensure(s) that any inherent searchablility of ESI is not degraded when produced.

VIII. **Privilege**
- ☐ How any production of privileged or work product protected information will be handled.
- ☐ Whether the parties can agree upon alternative ways to identify documents withheld on the grounds of privilege or work product to reduce the burdens of such identification.
- ☐ Whether the parties will enter into a Fed. R. Evid. 502(d) Stipulation and Order that addresses inadvertent or agreed production.